EDWARD MILLER, Plaintiff-Appellant, *v.* THE DEPARTMENT OF PUBLIC AID *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 78-530

Opinion filed February 27, 1979.

Dean Timothy Jost and Julian N. Henriques, Jr., both of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (Paul J. Bargiel and Gregory Lawton, Assistant Attorneys General, of counsel), for appellees.

Mr. JUSTICE DOWNING delivered the opinion of the court:

The plaintiff, individually and on behalf of all other similarly situated recipients of financial aid under the Illinois General Assistance Program (Ill. Rev. Stat. 1977, ch. 23, pars. 6—1 through 6—6), appeals orders of the circuit court of Cook County denying his motion for a preliminary injunction, granting the defendants' motion to dismiss his complaint, and denying his motion to vacate the dismissal and for rehearing. The sole issue before this court is whether the trial court erred in dismissing the plaintiff's complaint on the basis of plaintiff's failure to exhaust the administrative remedies provided in the Public Aid Code. Ill. Rev. Stat. 1977, ch. 23, par. 1—1 et seq.

Plaintiff brought this class action against the Illinois Department of Public Aid ("IDPA") which is responsible for the administration of the Public Aid Code (Ill. Rev. Stat. 1977, ch. 127, par. 48a), IDPA's director, and the director of the Cook County Department of Public Aid which is responsible for the administration of public aid in cities of more than 500,000 inhabitants subject to the supervision and direction of IDPA (Ill. Rev. Stat. 1977, ch. 23, par. 12—18.5). Plaintiff alleged, inter alia, that he was in need of, and on March 30, 1977, had requested, eyeglasses and nonemergency dental care from IDPA. He further alleged that his request had been denied on the basis of IDPA regulation PO-1115 which provides for financial assistance for dental care only in emergencies to relieve pain and infection, and on the basis of IDPA policy which denies financial assistance for eye care and the correction of visual impairments.

Plaintiff contends that this regulation and policy fail to comply with the standards for public assistance set forth in the following statutes establishing and governing the defendants' operation:

"The Illinois Department of Public Aid shall establish such standards of financial aid and services as will encourage and assist applicants and recipients to maintain a livelihood compatible with health and well being and to develop their self-reliance and realize their capacities for self-care, self-support, and responsible citizenship." (Ill. Rev. Stat. 1977, ch. 23, par. 1—1.)

"Financial aid in meeting basic maintenance requirements for a livelihood compatible with health and well-being, *plus any necessary treatment, care and supplies required because of illness or disability, shall be given under this Article to or in behalf of persons who meet the eligibility conditions of Sections 6—1.1 through 6—1.6.*" (Emphasis added.) Ill. Rev. Stat. 1977, ch. 23, par. 6—1.

Plaintiff also contends that the defendants' regulation and policy are unconstitutional in that they treat General Assistance recipients less favorably than those who receive aid under the defendants' other programs, and treat those General Assistance recipients in need of eye and nonemergency dental care less favorably than those with other medical needs. Plaintiff's prayer for relief sought (1) a declaration that the defendants had violated the foregoing laws, and (2) an injunction preventing them from failing to provide the health care services sought.

Defendants filed a motion to dismiss the plaintiff's complaint contending, *inter alia*, that the plaintiff had failed to exhaust the administrative remedies provided by the Public Aid Code. Plaintiff then filed a motion for a preliminary injunction supported by his affidavit and the affidavits of his dentist and optometrist. The trial court continued the plaintiff's motion pending a decision on the defendants' previously filed motion to dismiss.

Following extensive briefing by the parties, the trial court dismissed plaintiff's complaint on the ground that plaintiff failed to exhaust his administrative remedies and also had an adequate remedy at law. Plaintiff's motion to vacate the dismissal was denied, whereupon this appeal followed.

## I.

■■ The doctrine of exhaustion of administrative remedies provides that a party aggrieved by administrative action ordinarily cannot seek review in the courts without first pursuing all administrative remedies available to him. (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 358, 326 N.E.2d 737.) This doctrine has been developed (1) to allow the full

development of the facts before the agency; (2) to allow the agency an opportunity to utilize its expertise; (3) to permit the aggrieved party to succeed before the agency, rendering judicial review perhaps unnecessary (*Ill. Bell Telephone Co.*); and (4) to allow the agency to correct its own errors, clarify its policies, and reconcile conflicts (*Kenilworth Insurance Co. v. Mauck* (1st Dist. 1977), 50 Ill. App. 3d 823, 826, 365 N.E.2d 1051).

▪■ However, in some cases the foregoing reasons for requiring the exhaustion of administrative remedies are not to be found. Therefore, exceptions to the exhaustion doctrine have been carved out. Thus, the exhaustion of administrative remedies has not been required where (1) an ordinance, statute, or regulation is attacked on its terms as unconstitutional (*Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 552, 359 N.E.2d 113; *Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 548, 370 N.E.2d 223; *Health Resources Foundation v. Department of Health* (1st Dist. 1978), 61 Ill. App. 3d 335, 339, 377 N.E.2d 1056); (2) where seeking administrative review would be futile (*Herman v. Village of Hillside* (1958), 15 Ill. 2d 396, 408, 155 N.E.2d 47; *Fiore v. City of Highland Park* (2d Dist. 1966), 76 Ill. App. 2d 62, 67, 221 N.E.2d 323); (3) where irreparable harm will result from the delay incident to further pursuit of administrative remedies (*Peoples Gas Light & Coke Co. v. Slattery* (1939), 373 Ill. 31, 39-46, 25 N.E.2d 482); or (4) where an administrative agency has no power to proceed because it lacks jurisdiction (*People ex rel. Hurley v. Graber* (1950), 405 Ill. 331, 348-350, 90 N.E.2d 763; see *Kenilworth Insurance Co.*, at 827).

### A.

We acknowledge that in *People ex rel. Naughton v. Swank* (1974), 58 Ill. 2d 95, 317 N.E.2d 499, *Chicago Welfare Rights Organization v. Weaver* (1973), 56 Ill. 2d 33, 305 N.E.2d 140, *cert. denied* (1974), 417 U.S. 962, 41 L. Ed. 2d 1135, 94 S. Ct. 3164, and *Ballew v. Edelman* (1st Dist. 1975), 34 Ill. App. 3d 490, 340 N.E.2d 155, the exhaustion doctrine was applied to public assistance recipients attacking agency regulations and seeking declaratory and injunctive relief. However, we are of the opinion that these cases are distinguishable.

The plaintiffs in the foregoing cases were recipients of aid under articles III and IV of the Public Aid Code. Section 11—8.7 of the Public Aid Code (Ill. Rev. Stat. 1977, ch. 23, par. 11—8.7) provides that:

> "The provisions of the 'Administrative Review Act', * * * and the rules adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of final administrative decisions of the Illinois Department on appeals by applicants or recipients

under Articles III, IV or V. The term 'administrative decision' is defined as in Section 1 of the 'Administrative Review Act'."

Section 2 of the Administrative Review Act ("ARA") (Ill. Rev. Stat. 1977, ch. 110, par. 265 *et seq.*) provides that the Act is the exclusive remedy for obtaining judicial review of "administrative decisions," a term which section 1 defines to include a rule, regulation, standard, or statement of policy involved in a proceeding before the agency whose applicability or validity is in issue in such proceeding (see Ill. Rev. Stat. 1977, ch. 110, par. 264).

By virtue of these statutes, it is clear that the plaintiffs in the foregoing cases were expressly bound to follow the exclusive method of judicial review set forth in the Administrative Review Act. After reviewing the foregoing provisions, the court in *Chicago Welfare Rights Organization* stated:

"We see nothing in the facts of this case that would justify a disregard of this plain provision. If this action can be maintained in the face of the statutory prohibition, it is difficult to conceive of any area in which the Administrative Review Act can operate." *Chicago Welfare Rights Organization,* at 39.

Similarly, in *People ex rel. Naughton,* the court stated:

"The effect of these two determinations [the appellate court decisions] largely nullifies the Administrative Review Act.

\* \* \* *Chicago Welfare Rights Organization v. Weaver* (1973), 56 Ill. 2d 33, like the present case, involved an effort to circumvent the provisions of the Administrative Review Act by a class action for declaratory judgment, injunction and other relief." *People ex rel. Naughton,* at 101-02.

Although our review of these cases in *Ballew* led us to conclude that they were decisive of the issue there, we are not so persuaded in the case at bar.

■ The ARA is applicable only where it is expressly adopted by the act creating or conferring power on the agency involved. (Ill. Rev. Stat. 1977, ch. 110, par. 265; *Smith v. Department of Public Aid* (1977), 67 Ill. 2d 529, 540, 367 N.E.2d 1286.) Plaintiff appeals decisions of the defendants under article VI. (Ill. Rev. Stat. 1977, ch. 23, par. 11—8.7) is silent as to the adoption of the ARA as to article VI. Therefore the ARA is not applicable to article VI recipients.

Under these circumstances, although recognizing that even without statutory guidance the doctrine of exhaustion has long been a basic principle of administrative law (*Illinois Bell Telephone Co.,* at 357), we find that the rationale pertinent to the courts' decisions in these prior cases is not pertinent to our decision in the present case.

However, even assuming that the ARA was applicable in the instant case, we are persuaded by the following more recent decisions that the plaintiff's challenge to the defendants' regulation on its face would nonetheless be maintainable without prior resort to the administrative remedies.

In *Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 543, 370 N.E.2d 223, the plaintiff filed suit in the circuit court seeking to restrain the director of the IDPA from suspending its participation in the Illinois Medical Assistance Program governed by article V of the Public Aid Code. Without discussing the applicability of the ARA or the foregoing cases, the supreme court rejected the defendant's argument that the trial court improperly denied his motion to dismiss the complaint stating:

"This argument [that the plaintiff had failed to exhaust his administrative remedies] must be rejected, for a party need not exhaust his administrative remedies where the statute, or in this instance, administrative rule, is attacked on its face." 68 Ill. 2d 543, 548.

This court in *Health Resources Foundation v. Department of Health* (1st Dist. 1978), 61 Ill. App. 3d 335, 339, 377 N.E.2d 1056, after noting the applicability of the ARA and the cases cited by the defendant here, held that the supreme court's holding in *Bio-Medical* was controlling. We believe it is also controlling here.

### B.

In essence, the plaintiff contends that the defendants have improperly construed the statutory provisions governing their operation and in doing so have created unconstitutional classifications. Contrary to the defendants' assertion, we find no distinction between the nature of this challenge and the challenge made to the defendant's action in *Bio-Medical*. In both cases the plaintiffs have asserted that the defendants have not acted in accordance with the laws governing them.

The statutory interpretation of the terms and legislation establishing administrative agencies and governing their operation is strictly a question of law for determination by the courts. (*Edidin v. Montgomery* (1st Dist. 1973), 15 Ill. App. 3d 909, 305 N.E.2d 316 (per curiam).) Although we stated in *Head-On Collision Line, Inc. v. Kirk* (1st Dist. 1976), 36 Ill. App. 3d 263, 266, 343 N.E.2d 534, that the exhaustion of administrative remedies applies to any question of law or fact except those going to the jurisdiction of the agency over the subject matter or the person, that case dealt with the constitutionality of a statute as it applied to the plaintiff. Recognizing that it had long been held that the exception to the exhaustion requirement relating to an attack on a statute applies

only where the statute is attacked in its terms and not where it is attacked as applied (*Bank of Lyons v. County of Cook* (1958), 13 Ill. 2d 493, 495, 150 N.E.2d 97), we therefore rejected the plaintiff's argument that the mere assertion of a constitutional question rendered the exhaustion doctrine inapplicable.

In this case, the plaintiff's challenge to the defendants' regulation and policy is strictly a question of law. The question of whether the defendants are required by law to provide the care sought is in no way dependent on the prior resolution of a factual dispute. A *fortiori* the defendants' expertise in resolving factual disputes is of no aid to the resolution of the question posed. The plaintiff's suit does not contravene the ARA. Under these circumstances, we find no reason to require the plaintiff to exhaust the administrative remedies available to him.

Finally, we are of the opinion that the plaintiff's pursuit of the administrative remedies provided in sections 11—5 through 11—8 of the Public Aid Code (Ill. Rev. Stat. 1977, ch. 23, pars. 11—5, 11—6, 11—7, 11—8) would be futile.

The defendants admit that these administrative review provisions are principally directed at arriving at a final fact-finding determination based on facts and existent policies. As noted previously, the plaintiff does not challenge an administrative caseworker decision based on adjudicative facts but rather challenges the legality of the defendants' policy and regulation. The futility of bringing this controversy before the Commissioner of Appeals[1] is evidenced by the following pertinent parts of a memorandum issued to the supervisor of the Appeals and Fair Hearings Department by the IDPA's general counsel in 1975 entitled "Use of the Public Aid Code vs. The Manual":

"The purpose of a fair hearing is to determine whether or not the Department has acted in conformance with its own policy (contained in the manual) with respect to a particular recipient. *The law, as embodied in the Public Aid Code, should not need to be any part of the appeal decision. In addition, the legality of a particular policy statement should not be an issue in any appeal.*

\* \* \*

In some instances, there may be an actual controversy between the Public Aid Code and the Manual. \* \* \* In such a case the manual, and not the Code, should be followed. *Even if the action is*

---

[1] The Commissioner of Appeals, an employee of the County Department of Public Aid, is to whom appeals of persons from a city, village, or incorporated town of more than 500,000 population receiving aid under articles VI or VII are taken. (Ill. Rev. Stat. 1977, ch. 23, par. 11—8(3).)

*contrary to the Code, if it conforms to the manual, the Department must be upheld. The Code should not even be consulted in such a situation. The purpose of the fair hearing is not to determine the legality of particular policies in the manual.* The purpose is to assure that policy has been properly applied in the particular factual situation." (Emphasis added.)

According to the record, the Commissioner of Appeals has followed the memorandum's mandate on at least three prior occasions in denying recipients under the General Assistance Program financial aid for the visual and nonemergency dental care sought by the plaintiff here.[2] Although we recognize that the defendant IDPA's regulation PO-235.1(7) provides that an appeal may be brought on an issue of policy if an applicant is aggrieved by its application to his situation, we agree with the plaintiff that the Commissioner of Appeals, as an employee of the County Department to whom his appeal would be taken (Ill. Rev. Stat. 1977, ch. 23, par. 11—8), lacks the authority to alter the IDPA's regulation and policy.

Under the Public Aid Code, the Illinois Department is required to make the rules and regulations necessary to carry out its provisions. (Ill. Rev. Stat. 1977, ch. 23, par. 12—13.) Under section 12—18.1, the County Department is "an instrumentality of the state and agency of the Illinois Department." We find no other provision in the statute that gives to the County Department any other authority. Nor do we find any statutory provision to vest in the County Department the authority to establish the rules, regulations, and policies of the IDPA. No such authority has been cited to us. We find nothing in the record or statute to suggest that plaintiff's resort to the administrative remedies would be anything more than an exercise in futility.

For these reasons, we find that the trial court erred in dismissing the plaintiff's complaint for his failure to exhaust the administrative remedies provided in the Public Aid Code. The availability of judicial review by a writ of certiorari (*Smith v. Department of Public Aid* (1977), 67 Ill. 2d 529, 541, 367 N.E.2d 1286) if the plaintiff were required to exhaust his administrative remedies has no effect on our determination that he should not be required to do so in the first instance.

---

[2] In his memorandum in opposition to the defendants' motion to dismiss, the plaintiff attached three decisions of the Commissioner of Appeals affirming three General Assistance hearing officer decisions in which the applicants sought visual and nonemergency dental care. In each case the hearing officer had ruled that eyeglasses were available only where necessary for employment and dental care was available only in emergencies for the relief of pain or infection.

Accordingly, we reverse and remand the judgment of the circuit court of Cook County for further proceedings.

Reversed and remanded.

STAMOS, P. J., and PERLIN, J., concur.