THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
ONE 1974 CHEVROLET CORVETTE NO. 1Z37J4S400951, Defendant-
Appellee.

Second District   No. 82—456

Opinion filed August 26, 1983.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and Phyllis J. Perko and Cheri A. Novak, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Jay R. Grodner, of Aurora, for appellee.

JUSTICE VAN DEUSEN delivered the opinion of the court:

The State appeals from a Du Page County circuit court order granting Hugh W. Ferrell's motion to dismiss the State's complaint seeking the forfeiture of his 1974 Chevrolet Corvette. That motion alleged that a prior Kane County circuit court order releasing the car constituted collateral estoppel to the State's action. The State argues on appeal that Mr. Ferrell failed to meet his burden of proof that the prior order constituted collateral estoppel because he did not tender a transcript of the Kane County proceedings to the Du Page County circuit court and thus did not establish the Kane County circuit court's findings on the issues raised in the State's complaint. Mr. Ferrell responds that the State waived this issue on appeal by not arguing it at trial and that his tendering of the Kane County circuit court order sufficed to meet his burden of proof. We disagree.

While it is true that a theory not raised at trial cannot be raised for the first time on appeal (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147), the State is not raising a new theory. Rather, the State is asserting that the evidence was not sufficient to support the theory upon which defendant successfully secured the dismissal of plaintiff's cause of action and that the trial court thereby erred.

Here, the applicability of collateral estoppel was the issue raised by defendant as a basis for its motion to dismiss. That issue was considered and decided by the trial court adversely to the State.

Moreover, the dismissal order constituted a decision on the merits and was a final order. Finally, a forfeiture action is civil in nature (*People ex rel. Power v. One 1979 Chevrolet Camaro* (1981), 96 Ill. App. 3d 109, 112), and as this was a nonjury matter, the State was not required to file a post-trial motion in order to preserve errors for review. *Eckerty v. Lowman* (1974), 16 Ill. App. 3d 373, 375; *City of Chicago v. Mid-City Laundry Co.* (1972), 8 Ill. App. 3d 88, 90.

In support of its waiver position, the defense cites cases concerning the legal sufficiency of motions, not whether the evidence is sufficient to support the trial court's orders. These cases are inapposite. For this reason, as well as the reasons stated above, the State has not waived its right to question the sufficiency of the evidence to support the trial court's decision.

■■■ While the parties generally agree as to the elements of the doctrine of collateral estoppel and its legal effect, they disagree on whether the Kane County circuit court order constitutes collateral estoppel in the instant case. The doctrine applies where some controlling fact or question, material to the determination of both causes, has been adjudicated in the former suit by a court of competent jurisdiction and the same fact or question is again at issue between the same parties. (*Coulter v. Renshaw* (1981), 94 Ill. App. 3d 93, 96.) The relevant inquiry here is whether the record before the Du Page County circuit court established by clear and convincing evidence that the Kane County circuit court made specific findings of fact which control the present proceeding. (See *City of Chicago v. Westphalen* (1981), 93 Ill. App. 3d 1110, 1120.) In ascertaining which issues have been adjudicated in the prior proceeding, a court may examine the judgment actually entered in reference to the issue presented for decision. See *Adams v. Pearson* (1952), 411 Ill. 431, 437.

■■ ■ Contrary to the defense argument that the Kane County circuit court necessarily had to determine factual issues which control the instant case when it issued its release order, that release order may have been based on determinations of fact not relevant in the instant forfeiture proceeding. At least two statutory provisions subject vehicles to seizure where such vehicles are used in any manner to facilitate a violation of the Illinois Controlled Substance Act (Ill. Rev. Stat. 1981, ch. 56½, par. 1100 *et seq.*). Section 505 of the Act provides that vehicles used in violating the Act are subject to forfeiture. (Ill. Rev. Stat. 1981, ch. 56½, par. 1505(a)(3).) The Act further provides that this seizure may be made upon process issued by any court having jurisdiction over the property or without process under specified circumstances. Ill. Rev. Stat. 1981, ch. 56½, par. 1505(b).

Section 36—1 of the Criminal Code of 1961, the basis of the instant forfeiture action, also provides for the seizure and forfeiture of vehicles used in violation of the Illinois Controlled Substance Act (Ill. Rev. Stat. 1981, ch. 38, par. 36—1 *et seq.*). This statute does not require process prior to seizure. It does provide, however, that within a specified time, the sheriff must notify all parties with a recorded interest in the vehicle of the seizure. Ill. Rev. Stat. 1981, ch. 38, par. 36—1.

The petition for the release of the seized vehicle filed in the Kane County circuit court and the subsequent order of that court, on their face, indicate that the relevant issues in that proceeding pertained to section 505 of the Illinois Controlled Substance Act. The motion for the release of the car alleged that the car was seized without process and that provisions permitting seizure without process had not been met. The trial court's order stated that the car, "seized without process" must be returned. These references to process, or lack thereof, thus appear to concentrate on section 505(b) of the Act. Consequently, the Kane County circuit court could have merely found that since the car had been seized without process, and since none of the exceptions to the process requirement of that section had been met, the car should be released. See *People v. Apartment No. 16* (1977), 52 Ill. App. 3d 912.

Since the Kane County circuit court order may have been based on a finding not controlling in a forfeiture proceeding brought pursuant to section 36—1 of the Criminal Code of 1961, the order does not act as collateral estoppel in the instant cause of action. Furthermore, even though the Kane County circuit court order may have been based on that court's finding of specific facts controlling in the instant cause, the defense failed to establish such findings in this cause and thus the present record does not support the Du Page County circuit court's order dismissing the State's forfeiture petition. The order of the circuit court of Du Page County dismissing the State's complaint for forfeiture is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

HOPF and NASH, JJ., concur.