THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALBERT ZEGIEL, Defendant-Appellant.

Second District   No. 2—87—0794

Opinion filed February 9, 1989.

G. Joseph Weller and Francine Harrison, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert F. Casey and Gary V. Johnson, State's Attorneys, of Geneva (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Albert Zegiel, appeals from an order of the trial court that denied his motion to dismiss three traffic offenses on the grounds of double jeopardy, *res judicata*, and compulsory joinder. Defendant's sole appellate contention is that the doctrine of collateral estoppel bars the State from prosecuting him for driving while under the influence of alcohol (DUI), because in his prior trial for reckless homicide arising from the same traffic accident underlying the DUI charge, the trial court made a finding of ultimate fact that he was not intoxicated at the time of the accident. We reverse in part and remand in part.

As a result of an automobile accident that occurred on July 4, 1985, the State charged defendant with driving while under the influence of alcohol, driving with a suspended or revoked driver's license, and refusing to take a chemical test. The State later charged defendant with the additional offense of reckless homicide.

Defendant's trial on the reckless homicide charge commenced on November 25, 1986, at which time the State introduced testimony attempting to establish that defendant was legally intoxicated at the time his vehicle crossed the center line and collided with the automobile driven by the decedent, Doris Ross. At the conclusion of the State's case, the trial court granted defendant's motion for a directed finding. In granting the motion, the court concluded that, taking the evidence in the light most favorable to the State, the State had failed to present sufficient evidence that defendant was intoxicated at the time of the accident.

Defendant subsequently moved to dismiss the remaining charges on the grounds of double jeopardy, *res judicata*, and compulsory joinder. The court denied the motion, and defendant brought this appeal pursuant to Supreme Court Rule 604(f) (107 Ill. 2d R. 604(f)).

Defendant contends that the doctrine of collateral estoppel bars the State from prosecuting him for DUI since a necessary element of that offense—defendant's intoxication—was already decided in his favor in the prior reckless homicide case. We note that the State has filed a confession of error in which it concedes that the doctrine of collateral estoppel bars it from prosecuting defendant for DUI. We agree.

■■ The doctrine of collateral estoppel precludes a party from relitigating an issue of ultimate fact which was decided previously in a valid, final judgment. (See *People v. Wiedman* (1988), 168 Ill. App. 3d 199, 205-06; *People v. Munday* (1985), 134 Ill. App. 3d 971, 975.) A party asserting collateral estoppel must show that: (1) the issue previously adjudicated is identical to the question presented in the subsequent action; (2) a final judgment on the merits exists in the prior case; and (3) the party against whom estoppel is directed was a party to the prior litigation or is in privity with such a party. (*Mohn v. International Vermiculite Co.* (1986), 147 Ill. App. 3d 717, 720; *Fearon v. Mobil Joliet Refining Corp.* (1984), 131 Ill. App. 3d 1, 7.) This doctrine may be invoked only when a party or someone in privity with a party takes part in separate, consecutive lawsuits that arise from different causes of action. (*In re M.A.* (1987), 152 Ill. App. 3d 1033, 1036.) In addition, collateral estoppel will not be applied if the party who would be precluded from relitigating an issue failed to receive a full and fair opportunity to litigate the same question in the earlier proceeding or if application of the doctrine would result in an injustice to that party. (*Collins v. St. Jude Temple No. 1* (1987), 157 Ill. App. 3d 708, 712; *Fearon*, 131 Ill. App. 3d at 7.) The party asserting the doctrine of collateral estoppel bears the heavy burden of demonstrating, clearly and certainly, what the prior judgment determined. (*Benton v. Smith* (1987), 157 Ill. App. 3d 847, 853.) In this regard, a criminal defendant who seeks to invoke collateral estoppel must establish that the prior action *necessarily* resolved in his or her favor the identical matter he or she wishes to preclude from consideration. (*Munday*, 134 Ill. App. 3d at 975.) The reviewing court has a duty to study the record to ascertain whether the trier of fact could have based its decision, verdict, or judgment upon a matter other than that the defendant attempts to preclude from consideration in the subsequent action. See 134 Ill. App. 3d at 975.

■■ Our examination of the record in this cause reflects that, in granting defendant's motion for a directed finding in the reckless homicide prosecution, the trial court expressly found that the State's evidence, when considered in the light most favorable to the State,

failed to establish that defendant was intoxicated at the time of the accident in issue. It is manifest that the lack of sufficient evidence of intoxication formed the sole basis for the trial court's judgment in favor of defendant. Thus, the court resolved in that proceeding the identical factual issue of defendant's intoxication that is crucial to the State's proof of the offense of driving while under the influence of alcohol in this cause. We note, too, that the State had a full opportunity to litigate the issue of defendant's intoxication in the earlier action; the trial court's reckless homicide judgment was final and based on the merits; and the State was a party in the separate and distinct actions. Because the State was collaterally estopped from prosecuting defendant for DUI, we conclude that the trial court erred in denying defendant's motion to dismiss that charge.

Accordingly, that portion of the judgment of the circuit court denying defendant's motion to dismiss the offense of driving while under the influence of alcohol is reversed. Because proof of intoxication is not necessary for the State to proceed against defendant for driving with a suspended or revoked driver's license and refusing to take a chemical test, this cause is remanded for further proceedings on those charges.

Reversed in part and remanded in part.

UNVERZAGT, P.J., and DUNN, J., concur.