BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY, Appellant, v. THE ILLINOIS HUMAN RIGHTS COMMISSION *et al.* (The Human Rights Commission *et al.*, Appellees).

Fifth District No. 5—88—0649

Opinion filed April 5, 1990.—Rehearing denied May 8, 1990.

346

Shari R. Rhode and Denise E. Gale, both of Southern Illinois University, of Carbondale, for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Karen Michels Caille, Assistant Attorney General, of Chicago, of counsel), for respondent Human Rights Commission.

Sue Sachtleben, of Runge & Gumbel, P.C., of Collinsville, for respondent Charles Western.

JUSTICE WELCH delivered the opinion of the court:

The Board of Trustees of Southern Illinois University (hereinafter SIU) appeals from a decision of a three-member panel of the Illinois Human Rights Commission (hereinafter HRC or Commission), entered March 30, 1987, finding that SIU had discriminated against complainant, Charles Western, in its hiring practices. Appellee, Illinois Human Rights Commission, has filed a motion to dismiss the appeal for lack of appellate jurisdiction, citing in support thereof the recent supreme court opinion in *Castaneda v. Illinois Human Rights Comm'n* (1989), 132 Ill. 2d 304, 547 N.E.2d 437.

In *Castaneda*, our supreme court held that petitioners seeking judicial review of decisions of a three-member panel of the HRC must first exhaust their administrative remedies by seeking an *en banc* rehearing before the full Commission. Without such a rehearing, the order of the HRC is not final and appealable. (132 Ill. 2d at 308, 547 N.E.2d at 439.) In the instant case, it is undisputed that SIU did not seek a rehearing before the full Commission following the decision against it by the three-member panel. Therefore, SIU has failed to exhaust its administrative remedies and there is no final and appealable order before us for review.

SIU argues, however, that seeking rehearing before the full Commission was not required prior to judicial review in the instant case where such rehearing would have been patently futile because the full Commission has never reversed a decision of the three-member panel. SIU also argues that, in any event, it would be inequitable to apply *Castaneda* retroactively to the case at bar.

The *Castaneda* court did recognize several exceptions to the requirement that a party exhaust its administrative remedies prior to seeking judicial review. One of those exceptions is when it is patently futile to seek relief before the agency. 132 Ill. 2d at 309, 547 N.E.2d at 439.

Section 8—107(F) of the Illinois Human Rights Act, which provides for rehearing before the full Commission following a decision of a three-member panel, provides that applications for rehearing shall be viewed with disfavor and may be granted by vote of six Commission members only upon a clear demonstration that a matter raises legal issues of significant impact or that three-member panel decisions are in conflict. (Ill. Rev. Stat. 1987, ch. 68, par. 8—107(F).) SIU argues that this section, when considered with the fact that of

the at least 90 applications for rehearing which the Commission has received, only seven have been granted, and the Commission has never reversed a decision of a three-member panel, demonstrate that to seek a rehearing before the full Commission is patently futile.

■ The *Castaneda* court addressed this precise point and held that the language of section 8—107(F) is merely a statement of policy that obtaining rehearing will be difficult; it does not preclude rehearing by the full Commission. Thus, a party's application for rehearing would not be futile. (132 Ill. 2d at 327-28, 547 N.E.2d at 448.) Furthermore, the fact that there are clear indications that the full Commission may rule adversely to the party seeking rehearing is not enough to make seeking rehearing patently futile. (132 Ill. 2d at 328, 547 N.E.2d at 448.) Thus, the futility exception to the exhaustion of remedies doctrine is inapplicable to the case at bar.

■ Finally, SIU argues that it would be inequitable to apply the decision in *Castaneda* retroactively to this case because the administrative law judge who first heard this case found in favor of SIU, but the three-member panel of the HRC reversed the administrative law judge and found against SIU. The supreme court in *Castaneda* specifically held that that decision should be given retroactive application. (132 Ill. 2d at 330, 547 N.E.2d at 449.) We see no reason to hold otherwise in the instant case. SIU was given a full opportunity to argue the merits of its case before both the administrative law judge and the three-member panel of the HRC. There is no inequity in applying the decision in *Castaneda* to the case at bar.

Accordingly, we find that appellant, SIU, has failed to exhaust its administrative remedies and that there is no final and appealable order before us for review. We therefore grant the motion of appellee, the Illinois Human Rights Commission, to dismiss this appeal for lack of appellate jurisdiction.

For the foregoing reasons this cause is dismissed.

Dismissed.

HARRISON and CHAPMAN,* JJ., concur.

---

*Justice Goldenhersh participated in oral argument. Justice Chapman was later assigned to this cause in substitution for Justice Goldenhersh, and Justice Chapman has read the briefs and has listened to the tape of oral argument.