THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CURTIS THOMAS, Defendant-Appellant.

First District (4th Division)   No. 1—88—2819

Opinion filed June 28, 1991.

Randolph N. Stone, Public Defender, of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellant.

John O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Kevin Sweeney, and Michael Latz, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

Defendant, Curtis Thomas, was convicted of second degree murder (Ill. Rev. Stat. 1987, ch. 38, par. 9—2(a)(1)) following a bench trial in the circuit court of Cook County. The trial judge sentenced defendant to the penitentiary for a term of four years.

On appeal, defendant attacks the constitutionality of the second degree murder statute, found in section 9—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 9—2). He contends Criminal Code section 9—2 denies defendants convicted of second degree murder due process of law and the equal protection of the law, and also violates the principle of separation of powers as prescribed by the Illinois Constitution. He raises no other issues.

We affirm the judgment of the trial court.

BACKGROUND

The record contains the following pertinent facts. On July 15, 1987, defendant was indicted for first degree murder (Ill. Rev. Stat. 1987, ch. 38, pars. 9—1(a)(1), (a)(2)) and armed violence (Ill. Rev. Stat. 1987, ch. 38, par. 33A—2). On March 1, 1988, defendant received a bench trial. Defendant admitted that he fatally stabbed the victim. However, he claimed that he did so solely in fear for his life or of receiving substantial bodily harm.

At the close of the evidence, the State entered a *nolle prosequi* on the armed violence count. The trial judge convicted defendant of second degree murder.

At the sentencing hearing, the trial judge denied defendant's post-trial motion. The judge specifically ruled that Criminal Code section 9—2 was constitutional. At the close of the hearing, the trial judge sentenced defendant to a prison term of four years. Defendant appeals.

Opinion

A

■ Defendant's sole claim on appeal is that Criminal Code section 9—2 is unconstitutional. Defendant's attack has three prongs. Defendant first contends the second degree murder statute violates the due process clause of the fourteenth amendment to the United States Constitution. (U.S. Const., amend. XIV.) He argues that the statute "relieves the prosecutor from proving beyond a reasonable doubt every element of first degree murder." However, this court has rejected the argument. *People v. Buckner* (1990), 203 Ill. App. 3d 525, 530-34, 561 N.E.2d 335, 339-41, relied on in *People v. Clark* (1991), 207 Ill. App. 3d 439, 443-44, 565 N.E.2d 1373, 1376.

B

Defendant next contends that Criminal Code section 9—2 violates the equal protection clause of either the fourteenth amendment to the United States Constitution or the Illinois Constitution. (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2.) He argues that the statute deters "those convicted of second degree murder from appealing their convictions."

It had been long settled that voluntary manslaughter was a lesser included offense of murder. (*People v. Lewis* (1940), 375 Ill. 330, 333-34, 31 N.E.2d 795, 797.) Based on this theory, if an accused was charged with murder, but a trial on the charge resulted in a conviction of voluntary manslaughter, that judgment constituted an acquittal of the murder charge and barred a subsequent prosecution for murder arising out of the same facts. (*People v. Liddell* (1933), 353 Ill. 201, 204, 187 N.E. 174, 175; *People v. Goodwin* (1981), 98 Ill. App. 3d 726, 730, 424 N.E.2d 425, 428; *People v. Echoles* (1976), 36 Ill. App. 3d 845, 854, 344 N.E.2d 620, 627.) Courts reasoned that the trier of fact necessarily found the existence of a mitigating factor to reduce the offense from murder to voluntary manslaughter. Since the fact finder made this implied determination in the defendant's favor, the defendant could not again be put in jeopardy. (*People v. Brennan* (1854), 15 Ill. 511, 517; *People v. Dugan* (1973), 15 Ill. App. 3d 1071, 1073, 305 N.E.2d 308, 309.) This principle is incorporated in section 3—4(a) of the Criminal Code of 1961. Ill. Rev. Stat. 1987, ch. 38, par. 3—4(a).

Defendant notes that the new offense of second degree murder is not a lesser included offense of first degree murder. Rather, sec-

ond degree murder is first degree murder plus the element of mitigation. (Steigmann, *First and Second Degree Murder in Illinois*, 75 Ill. B.J. 494, 497 (1987).) Since second degree murder is not a lesser included offense of first degree murder, defendant reasons that if a defendant were to have his second degree murder conviction reversed and be granted a new trial, he could be retried for first degree murder. Thus, defendant argues, "[u]nlike other defendants, those convicted of second degree murder risk receiving a more severe sentence if they appeal."

We disagree. As noted above, Criminal Code section 3—4(a) protected defendants convicted of the old offense of voluntary manslaughter from double jeopardy. (Ill. Rev. Stat. 1987, ch. 38, par. 3—4(a).) However, it is quite clear that Criminal Code section 3—4(b) protects a defendant convicted of second degree murder from being retried for first degree murder. (Ill. Rev. Stat. 1987, ch. 38, par. 3—4(b).) Section 3—4(b)(2) provides as follows:

"(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the same offense based upon different facts, if such former prosecution:

\* \* \*

(2) Was terminated by a final order or judgment, even if entered before trial, which required a determination inconsistent with any fact necessary to a conviction in the subsequent prosecution." Ill. Rev. Stat. 1987, ch. 38, par. 3—4(b)(2).

Criminal Code section 3—4(b)(2) embodies the common law doctrine of collateral estoppel, which is included in the double jeopardy prohibition of the fifth amendment to the United States Constitution. (*People v. Shlensky* (1983), 118 Ill. App. 3d 243, 246-47, 454 N.E.2d 1103, 1105-06.) The doctrine provides that when a valid and final judgment determines an issue of ultimate fact, the same parties cannot again litigate the issue in any future lawsuit. *People v. Williams* (1975), 59 Ill. 2d 557, 560, 322 N.E.2d 461, 462-63, citing *Ashe v. Swenson* (1970), 397 U.S. 436, 443, 25 L. Ed. 2d 469, 475, 90 S. Ct. 1189, 1194.

The doctrine of collateral estoppel requires that the issue of ultimate fact be controlling or material to both lawsuits; it matters not whether the lawsuits contain the same cause of action. Further, the record of the prior lawsuit must show that the trier of fact determined the issue. In other words, the fact finder must necessarily have decided the issue to render a verdict. Collateral estoppel will not bar the litigation of an issue in a second action if the record of

the first lawsuit fails to show that the fact finder determined the issue. *Williams*, 59 Ill. 2d at 561-62, 322 N.E.2d at 463, citing *Hoffman v. Hoffman* (1928), 330 Ill. 413, 417, 161 N.E. 723, 725-26; *People v. Zegiel* (1989), 179 Ill. App. 3d 649, 651, 534 N.E.2d 664, 665.

■ When a defendant is charged with first degree murder, but convicted of second degree murder, the trier of fact necessarily determined that the defendant proved the existence of a mitigating factor. (*Buckner*, 203 Ill. App. 3d at 531, 561 N.E.2d at 339, citing *People v. Shumpert* (1989), 126 Ill. 2d 344, 351-52, 533 N.E.2d 1106, 1109.) As a result, the State and defendant cannot again litigate the element of mitigation. See, *e.g.*, *People v. Ward* (1978), 72 Ill. 2d 379, 381 N.E.2d 256; *Zegiel*, 179 Ill. App. 3d at 651-52, 534 N.E.2d at 665-66.

■ Thus, defendants convicted of second degree murder do not risk being put in jeopardy any more than defendants convicted of first degree murder. Consequently, we hold that defendants convicted of second degree murder are not denied the equal protection of the law.

C

■ Defendant lastly contends that Criminal Code section 9—2 violates the separation of powers clause of the Illinois Constitution. (Ill. Const. 1970, art. II, §1.) He argues that in enacting the statute, "the legislature assumed the role of prosecutor." However, this court has rejected the argument. *Clark*, 207 Ill. App. 3d at 449, 565 N.E.2d at 1379.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.