THOMAS DeCHENE, Plaintiff-Appellant, v. FIREMEN'S PENSION
FUND OF THE CITY OF BLUE ISLAND *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—87—3202

Opinion filed June 14, 1989.

Michael W. Rathsack, of Chicago, for appellant.

Rose & Ross, Ltd., of Chicago (Kathleen Ross, of counsel), for appellees.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff Thomas DeChene appeals from an order of the circuit court dismissing his declaratory judgment action for lack of jurisdiction. Plaintiff argues that the trial court erred in ruling that he was required to seek administrative review prior to bringing his action in the circuit court.

Plaintiff was hired as a fire fighter by the Blue Island, Illinois, fire department in 1969, and in the following year he became a member of the Firemen's Pension Fund (Fund). In January 1978, plaintiff was injured in the line of duty. Plaintiff returned to work in July 1978, but was reinjured in September. Plaintiff was on disability leave between September 1978 and September 1979. During that time, plaintiff received full payment of his wages plus temporary disability payments, pursuant to the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*), in the amount of $807.65 per month.

In October 1979, the Fund awarded plaintiff a line of duty disability pension, entitling him to monthly payments of $960.11. However, relying on a 1977 amendment to the Illinois Pension Code that provided for the offset of workers' compensation benefits against municipal disability benefits (Ill. Rev. Stat. 1977, ch. 108½, par. 4—143 (repealed by Pub. Act 83—1440, §2, eff. Jan. 1, 1985)), the Fund deducted plaintiff's monthly workers' compensation payments from this amount, reducing his monthly pension payments to $152.45 a month. In September 1983, plaintiff received a lump sum award of $45,000 under the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.1 *et seq.*). Subsequently, the Fund suspended plaintiff's monthly pension for three years and eight months, to offset the $45,000 award.

In December 1986, plaintiff filed this action against the Fund and the board of trustees of the Fund in the circuit court of Cook County. Plaintiff's action sought a declaration that because he was hired before the 1977 amendment to the Pension Code, his right to receive municipal disability benefits was vested and not subject to the offset provisions enacted in 1977. Defendants filed a motion to dismiss plaintiff's complaint on the ground that the court lacked jurisdiction to hear a

declaratory judgment action seeking review of an administrative decision. The court granted defendants' motion and this appeal followed.

Plaintiff argues that the circuit court erred in dismissing his declaratory judgment action. He contends that his action merely requested that the court construe section 4—143 of the Pension Code and that the provisions of the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*) were therefore inapplicable. We disagree.

■■■ Section 2—701 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—701) provides that in cases of actual controversy, a court may make a declaration of rights, including the determination of the construction of any statute. However, section 3—102 of the Administrative Review Law provides that the provisions of the act shall apply to and govern every action to review judicially a final decision of any administrative agency. (Ill. Rev. Stat. 1985, ch. 110, par. 3—102.) This section, which was made applicable to the decisions of a pension board in section 4—139 of the Pension Code (Ill. Rev. Stat. 1985, ch. 108½, par. 4—139), does not require a formal decision to support an action for administrative review. *Pearce Hospital Foundation v. Illinois Public Aid Comm'n* (1958), 15 Ill. 2d 301, 154 N.E.2d 691.

Plaintiff claims that the Administrative Review Law applies only where a determination of fact, or the application of the law to certain facts, is at issue. He argues that because he was seeking construction of a statute, not a determination of fact, and because the court merely would be deciding a question of law and not preempting an administrative board's right to make a factual determination, the court erred in dismissing his action. Defendants argue that the Administrative Review Law makes no distinction between issues of fact and law and that plaintiff should not be allowed to use the declaratory judgment statute to avoid the purpose and effect of the Administrative Review Law. Both parties rely on *Gualano v. City of Des Plaines* (1985), 139 Ill. App. 3d 456, 487 N.E.2d 1050, and *Peifer v. Board of Trustees* (1976), 35 Ill. App. 3d 383, 342 N.E.2d 131, in support of their arguments.

In *Peifer*, plaintiff, a member of the Winnetka police force, filed a declaratory judgment action seeking to determine his right to retire and receive a regular pension after receiving a disability pension for several years. The appellate court reversed the dismissal of Peifer's complaint, holding that an actual controversy existed between Peifer and the board.

In *Gualano*, plaintiff, a Des Plaines fire fighter, was hired in 1969 and injured in the line of duty in 1979. As in the present case, Gualano's pension award was reduced by the amount of his workers'

compensation award, pursuant to the 1977 amendment to the Pension Code. Gualano filed a declaratory judgment action in the circuit court, alleging in count I that the reduction of his pension benefits was improper. In count II, Gualano alleged that the pension board's computation of his pension failed to take into account accumulated vacation and sick days. The trial court granted defendants' motion for summary judgment as to count I and dismissed count II on the ground that it was barred due to Gualano's failure to comply with the Administrative Review Law. The appellate court affirmed the dismissal of count II, holding that the failure to comply with the act barred judicial review of that count. However, the court reversed the trial court's grant of summary judgment on count I, holding that Gualano's pension rights vested in 1967 and could not be reduced by the 1977 amendment.

Plaintiff argues that the decisions in *Gualano* and *Peifer* demonstrate that a declaratory judgment action may be used to obtain construction of the law applied by an administrative agency. Defendants argue, and plaintiff concedes, that the exhaustion of administrative review issue was not raised in *Peifer* or, as to count I, in *Gualano*. Despite this fact, plaintiff argues that it is likely that the court in *Peifer* concluded that it had jurisdiction and that the court in *Gualano* apparently recognized that count I called for construction of a law, while count II involved a factual determination. Plaintiff further argues that, while that issue was not raised and the court did not discuss the point, one can presume from the holding in *Gualano* that the court believed that the Administrative Review Law did not deprive it of jurisdiction over the statutory construction question.

We believe that it is equally possible that the court in *Gualano* failed to address the jurisdictional issue simply because it was not raised by the parties, and not because the court concluded that the requirement of exhaustion of administrative remedies did not apply to count I. We also believe that there is nothing in either *Gualano* or *Peifer* that indicates that the courts found that the Administrative Review Law was inapplicable because the plaintiffs were seeking construction of a statute. Accordingly, we find that neither *Gualano* or *Peifer* provides support for plaintiff's contention that a declaratory judgment action can be used to circumvent the requirement that a party exhaust all available administrative remedies before seeking judicial review of an administrative decision.

■■ ■ In rejecting plaintiff's claim that his declaratory judgment action is not barred by the exhaustion of administrative review requirement, we note that Illinois courts have ruled that an exception to the exhaustion requirement applies where a party challenges a statute

as being facially invalid, but that the exception does not apply where the claim is that the statute is invalid as applied to a particular party. (*Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 359 N.E.2d 113; *Boles Trucking, Inc. v. O'Connor* (1985), 138 Ill. App. 3d 764, 486 N.E.2d 362.) In the present case, plaintiff does not contest the constitutionality of section 4—143, rather, he asserts that as applied to him, the statute impairs a vested right in violation of the Illinois Constitution. In such circumstances, a party must pursue administrative remedies before seeking judicial review. *Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 359 N.E.2d 113; *Salk v. Department of Registration & Education* (1970), 123 Ill. App. 2d 320, 269 N.E.2d 123.

In conclusion, we find that plaintiff's failure to seek administrative review of the reduction of his pension benefits barred him from seeking judicial review and that, therefore, the circuit court properly dismissed plaintiff's declaratory judgment action for lack of jurisdiction.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

FREEMAN, P.J., and CERDA, J., concur.