DEBORAH A. DUDLEY, Plaintiff-Appellant, v. THE BOARD OF EDUCA-
TION, BELLWOOD SCHOOL DISTRICT No. 88, Defendant-Appellee.

First District (6th Division)   No. 1—93—0010

Opinion filed March 18, 1994.

Betty Thielemann, of Illinois Education Association, NEA, and Cotton, Watt, Jones & King, both of Chicago (Wesley Kennedy and Kelly J. Hupfeld, of counsel), for appellant.

Scariano, Kula, Ellch & Himes, Chartered, of Chicago (Robert H. Ellch, Joanne W. Schochat, and Kelly A. Hayden, of counsel), for appellee.

JUSTICE GIANNIS delivered the opinion of the court:

Plaintiff, a tenured teacher employed by the Board of Education of Bellwood, School District No. 88 (the Board), instituted this action for declaratory and other relief, claiming that her evaluation and remediation program for the 1990-91 and 1991-92 school years were conducted in a manner contrary to article 24A of the School Code. (Ill. Rev. Stat. 1989, ch. 122, par. 24A—1 *et seq.* (now 105 ILCS 5/24A—1 *et seq.* (West 1992)).) The trial court dismissed count I of plaintiff's amended complaint, holding that it failed to state a cause of action and was not properly before the court because plaintiff had failed to exhaust her administrative remedies. Plaintiff appeals from the dismissal of count I of her amended complaint which sought, *inter alia*, to enjoin the Board from pursuing dismissal proceedings against her based upon an unsatisfactory performance evaluation and remediation program.[1]

Count I of the amended complaint asserted that the Board wrongfully engaged in an evaluation and remediation plan for the plaintiff in violation of the provisions contained in article 24A of the School Code. Specifically, plaintiff alleged that the evaluation which

---

[1] Count II of the amended complaint asserted that the Board's suspension of plaintiff without pay pending dismissal proceedings constituted a violation of her right to due process. The trial court also dismissed Count II, but plaintiff has not challenged that ruling on appeal.

rated her performance as "unsatisfactory" violated article 24A in that it failed to list the names of all qualified administrators as required by the regulations adopted by the Illinois State Board of Education pursuant to the School Code (23 Ill. Adm. Code § 50.40(e) (1992)); it failed to specify plaintiff's strengths, with supporting reasons, in violation of section 24A—5(d); and it was not conducted in a manner consistent with and for the purpose of improving educational services as required by section 24A—1.

Plaintiff also alleged that the remediation program violated article 24A in that it was issued and implemented pursuant to an invalid evaluation; it was not initiated within 30 days of her written evaluation as required by section 24A—5(f); it was implemented in bad faith and for purposes which were not consistent with the improvement of educational services as required by section 24A—1; and neither plaintiff nor her consulting teacher played any role in the development of the remediation plan in violation of section 24A—5(h).

Count I of the amended complaint also included numerous other allegations of fact to support her claim that she was wrongfully given a performance evaluation of "unsatisfactory" and was wrongfully subjected to a remediation plan and dismissal proceeding based upon personal animosity between herself and Pamela Cullotta, principal of plaintiff's school.

Based upon these allegations, plaintiff's amended complaint sought (1) an order declaring that the Board's evaluation of plaintiff and the subsequent remediation program were conducted in violation of the School Code and were null and void; (2) an order directing the Board to expunge from the school district's records plaintiff's evaluation, all observation reports, the remediation plan, all periodic evaluations and observation reports prepared pursuant to the remediation plan, and the final evaluation of plaintiff's performance upon completion of the remediation plan; (3) an order directing the Board to refrain from serving plaintiff with a notice of dismissal and to refrain from taking any other action against plaintiff pursuant to the evaluation, remediation, or final evaluation; and (4) an order directing the Board to upgrade plaintiff's evaluation and final evaluation from "unsatisfactory" to "satisfactory" or better.

The Board filed a one-page motion to dismiss the amended complaint, asserting only that it failed to state a cause of action. In the memorandum filed in support of its motion to dismiss, the Board argued that count I of the amended complaint should be dismissed because plaintiff failed to exhaust her administrative remedies.

The trial court granted the Board's motion to dismiss, holding

that count I failed to state a cause of action under article 24A. The court held further that count I was not properly before the court because plaintiff had not pursued administrative review, which was the exclusive means of reviewing a final decision by the Board, and because plaintiff had not alleged sufficient grounds to challenge the jurisdiction of the Board. Plaintiff has appealed the dismissal of her complaint.

We initially consider plaintiff's claim that the trial court erred in finding that she had no private right of action for enforcement of article 24A of the School Code.

Article 24A of the School Code governs the evaluation and remediation of tenured teachers, and the stated purpose of this article is to "improve the educational services of the elementary and secondary public schools of Illinois by requiring that all certified school district employees be evaluated on a periodic basis and that the evaluations result in remedial action being taken when deemed necessary." Ill. Rev. Stat. 1989, ch. 122, par. 24A—1 (now 105 ILCS 5/24A—1 (West 1992)).

Section 24A—4 mandates that each school district establish a teacher evaluation plan. (Ill. Rev. Stat. 1989, ch. 122, par. 24A—4 (now 105 ILCS 5/24A—4 (West 1992)).) The necessary provisions of the evaluation plans are set forth in section 24A—5 (Ill. Rev. Stat. 1989, ch. 122, par. 24A—5 (now 105 ILCS 5/24A—5 (West 1992))), and include the evaluation of each tenured teacher at least every two years and the remediation of any tenured teacher whose performance is evaluated to be unsatisfactory. In addition, section 24A—5 requires that the evaluation plan include a description of each teacher's duties and responsibilities and of the standards to which that teacher is expected to conform. The evaluation of teachers must include the following components:

(a) personal observation of the teacher in the classroom on at least two different school days;

(b) consideration of the teacher's attendance, planning, and instructional methods, classroom management, and competency in the subject matter taught;

(c) rating of the teacher's performance as "excellent," "satisfactory" or "unsatisfactory";

(d) specification as to the teacher's strengths and weaknesses, with supporting reasons for the comments made;

(e) inclusion of a copy of the evaluation in the teacher's personnel file and provision of a copy to the teacher;

(f) within 30 days after an evaluation rating a teacher as "unsatisfactory," development and commencement of a remediation

plan designed to correct the deficiencies cited, provided the deficiencies are deemed remediable;

(g) participation in the remediation plan by the teacher rated "unsatisfactory," a district administrator, and a consulting teacher, selected by the participating administrator or by the principal of the teacher who was rated "unsatisfactory"—the consulting teacher must be an educational employee with at least five years' teaching experience, a reasonable familiarity with the assignment of the teacher being evaluated, and have received an "excellent" rating on his or her most recent evaluation;

(h) quarterly evaluations and ratings for one year immediately following receipt of an "unsatisfactory" rating of a teacher for whom a remediation plan has been developed—the consulting teacher shall provide advice to the teacher rated "unsatisfactory" on how to improve teaching skills and to successfully complete the remediation plan—the consulting teacher shall participate in developing the remediation plan, but the final decision as to the evaluation shall be done solely by the administrator or principal;

(i) reinstatement to a schedule of biennial evaluation for any teacher who completes the remediation plan with a rating of "satisfactory" or better; and

(j) dismissal in accordance with section 24—12 of the School Code of any teacher who fails to complete any applicable remediation plan with a rating of "satisfactory" or better—the testimony of consulting teachers may not be compelled at dismissal hearings conducted pursuant to section 24—12—nothing in this section prevents the immediate dismissal of a teacher for deficiencies which are deemed irremediable or for actions which are injurious to or endanger the health or person of students in the classroom or school—failure to strictly comply with the time requirements contained in section 24A—5 shall not invalidate the results of the remediation plan.

The teacher evaluation plan established by the defendant school district provided for the periodic evaluation of tenured teachers and incorporated the purpose of section 24A—1, stating that "the primary focus of [teacher] evaluation is to improve instruction *** and to promote professional growth and development."

Plaintiff initially contends that the trial court erred in dismissing count I of her amended complaint based upon the determination that she had no private right of action to enforce the provisions of article 24A.

■ ■ A private right of action exists where (1) the alleged violation of the statute contravenes public policy, (2) the plaintiff is a member of the class the statute is designed to protect, (3) the injury

is one the statute was designed to prevent, (4) the need for civil actions under the statute is clear, and (5) there is no indication that the remedies articulated in the statute are the only remedies available. (*Sawyer Realty Group, Inc. v. Jarvis Corp.* (1982), 89 Ill. 2d 379, 388, 432 N.E.2d 849.) The stated purpose of article 24A is to improve educational services by requiring that all certified school district employees be evaluated on a periodic basis and that the evaluations result in remediation when necessary. (Ill. Rev. Stat. 1989, ch. 122, par. 24A—1 (now 105 ILCS 5/24A—1 (West 1992)).) It has been held that article 24A is designed to promote professional excellence and to establish a statewide minimum-competency level and that the evaluation plans must meet the minimum standards set forth in the School Code. (*Board of Education, LeRoy Community Unit School District No. 2 v. Illinois Educational Labor Relations Board* (1990), 199 Ill. App. 3d 347, 362-63, 556 N.E.2d 457.) Sections 24—11 and 24—12 are intended to assure continuous service on the part of qualified and experienced teachers. (*Johnson v. Board of Education of Decatur School District No. 61* (1981), 85 Ill. 2d 338, 344, 423 N.E.2d 903.) The Illinois Supreme Court has held that the tenure system gives teachers considerable protection and is designed to provide continuity and stability for students; provide some degree of job security, thus affording teachers the ability to pursue a career free from arbitrary hiring and firing; attract teachers of high quality; and retain experienced teachers. *Johnson*, 85 Ill. 2d at 344.

Section 24A—5(j) specifically provides that a tenured teacher may be dismissed for cause only pursuant to the provisions of section 24—12, which states that the decision of the hearing officer is final unless the plaintiff pursues administrative review under section 24—16.

■ Thus, although article 24A may reasonably be construed to provide certain benefits and protections to tenured teachers, sections 24—12 and 24—16 clearly articulate that the remedy available for violation of the statute is to proceed with administrative review. Where the plaintiff has a remedy available to her, there is no clear need for a civil action to enforce the terms of article 24A. (See *Sawyer Realty Group, Inc.*, 89 Ill. 2d at 388.) Consequently, we hold that the trial court did not err in dismissing Count I of plaintiff's amended complaint for failure to state a private right of action.

We next address plaintiff's argument that the trial court erred in dismissing count I of her amended complaint because she had not exhausted her administrative remedies available under section 24—12 of the School Code. (Ill. Rev. Stat. 1989, ch. 122, par. 24—16 (now 105 ILCS 5/24—16 (West 1992)).) Plaintiff asserts that she was

not required to exhaust her administrative remedies where she had challenged the jurisdiction of the Board.

■ Generally, one may not seek judicial relief from an administrative action unless he has exhausted all administrative remedies available to him. (*Phillips v. Graham* (1981), 86 Ill. 2d 274, 289, 427 N.E.2d 550.) An exception to this rule exists, however, when a party challenges the constitutionality of a statute on its face (*Phillips*, 86 Ill. 2d at 289) or contests the authority or jurisdiction of the administrative agency (*Board of Education of Warren Township High School District 121 v. Warren Township High School Federation of Teachers, Local 504* (1989), 128 Ill. 2d 155, 163-64, 538 N.E.2d 524; *County of Kane v. Carlson* (1987), 116 Ill. 2d 186, 199, 507 N.E.2d 482; *Landfill, Inc. v. Pollution Control Board* (1978), 74 Ill. 2d 541, 550-51, 387 N.E.2d 258; *Watts v. Board of Education, School District No. 189* (1984), 125 Ill. App. 3d 532, 541, 466 N.E.2d 311; *Biehn v. Tess* (1950), 340 Ill. App. 140, 152, 91 N.E.2d 160 (the remedies of *mandamus* and *certiorari* are available to teachers where the board has failed to follow the tenure law)). Yet, this exception does not apply where the claim is that the statute is invalid as applied to a particular party or is applied in a discriminatory or arbitrary manner. *Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 552, 359 N.E.2d 113; *DeChene v. Firemen's Pension Fund* (1989), 184 Ill. App. 3d 828, 832, 540 N.E.2d 881; *Weissinger v. Edgar* (1989), 180 Ill. App. 3d 806, 811, 536 N.E.2d 237.

■ A declaratory judgment action may not be used to circumvent the requirement that a party exhaust all available administrative remedies before seeking judicial review of an administrative decision. *DeChene*, 184 Ill. App. 3d at 831; *Eveland v. Board of Education* (1950), 340 Ill. App. 308, 320, 92 N.E.2d 182.

In the instant case, plaintiff did not claim that article 24A was invalid on its face.

■ Plaintiff alleged that the evaluation which rated her performance as "unsatisfactory" violated article 24A in that it failed to list the names of all qualified administrators as required by the regulations adopted by the Illinois State Board of Education pursuant to the School Code (23 Ill. Adm. Code § 50.40(e) (1992)); it failed to specify plaintiff's strengths, with supporting reasons, in violation of section 24A—5(d); and it was not conducted in a manner consistent with and for the purpose of improving educational services as required by section 24A—1. Plaintiff also alleged that the remediation program violated article 24A in that it was issued and implemented pursuant to an invalid evaluation; it was not initiated within 30 days of her written evaluation as required by section 24A—5(f); it was implemented in bad faith and for purposes which were not con-

sistent with the improvement of educational services as required by section 24A—1; and neither plaintiff nor her consulting teacher played any role in the development of the remediation plan in violation of section 24A—5(h). Through these assertions, plaintiff claimed that the Board's actions were improper because the terms and provisions of article 24A were applied in an arbitrary or discriminatory manner during her evaluation and remediation process. Because plaintiff has challenged the provisions of article 24A only as they were applied to her, she is not relieved of the requirement that she exhaust her administrative remedies before seeking judicial review of the Board's action. Accordingly, we hold that the trial court correctly concluded that count I of plaintiff's amended complaint should be dismissed for failure to exhaust administrative remedies.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

EGAN, P.J., and RAKOWSKI, J., concur.