2023 IL App (1st) 210665
No. 1-21-0665
Rule 23 order filed: December 19, 2022
Opinion filed: January 30, 2023

First Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| ECO BRITE LINENS LLC, | ) | Appeal from the Circuit Court of |
| | ) | Cook County, Chancery Division. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 20 CH 06922 |
| | ) | |
| THE CITY OF CHICAGO, | ) | The Honorable |
| | ) | John J. Curry, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE PUCINSKI delivered the judgment of the court, with opinion.
Justices Hyman and Coghlan concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff-Appellant Eco Brite Linens LLC filed a single-count complaint against Defendant-Appellee City of Chicago (City), seeking declaratory relief in the form of a finding that plaintiff was not liable to the City for unpaid taxes, interest, and penalties in the amount of pursuant to the City's Personal Property Lease Transactions Tax Ordinance. Defendant filed a motion to dismiss the complaint pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619(a)(1) (West 2020)), arguing that plaintiff failed to exhaust the available administrative

remedies, which required plaintiff to bring the matter to the City's Department of Administrative Hearings as the body authorized under Illinois law to hear and adjudicate alleged violations of the City's Municipal Code. The circuit court granted the City's motion, and plaintiff now appeals from that order.

¶ 2                                    I. BACKGROUND

¶ 3     Plaintiff is a corporation that operates a laundry service in the Village of Skokie. It provides laundered linens to residential care facilities in Chicago for their temporary use. Plaintiff asserts that it does not operate within Chicago, and only gives its linens to residential care facilities free of charge. According to plaintiff, in exchange for receiving plaintiff's linens, customers agree to use plaintiff's laundry service, including payment of a laundry service fee. On September 21, 2020, the City's Department of Finance (DOF) sent plaintiff a discovery notice, notifying plaintiff that it was being investigated for possible noncompliance with two City ordinances: (a) the Chicago Personal Property Lease Transaction Tax Ordinance (Chicago Municipal Code § 3-32-010 (added Dec. 15, 1992)) (Ordinance) and (b) the Chicago Use Tax Ordinance for Nontitled Personal Property (Chicago Municipal Code § 3-27-10 (added Nov. 22, 1991)). The latter ordinance is not at issue in this appeal. The former creates a duty on lessors to collect and remit to the DOF a lease transaction tax on the lease or rental of personal property within the city or for the use within the city of personal property that is leased or rented outside the city. Chicago Municipal Code § 3-32-030(A) (amended Nov. 26, 2019).

¶ 4     On November 23, 2020, plaintiff brought the underlying action against the city, claiming that its transactions did not constitute leases pursuant to the Ordinance and seeking a declaratory judgment that it was not liable for the lease transaction tax. On November 30, 2020, the DOF issued plaintiff two notices of tax determination and assessment, one for failure to collect and remit

the lease transaction tax pursuant to section 3-32 (Notice and Assessment) and one for failure to pay the use tax pursuant to section 3-27. The DOF then issued plaintiff a lease transition tax assessment in the amount of $1,324,063.49 in unpaid taxes, interest, and penalties and notified plaintiff that the assessment would become final unless plaintiff filed a written protest and petition for administrative hearing with the DOF within 35 days of receiving the notice.

¶ 5    On December 21, 2020, the City moved to dismiss the case on the basis that plaintiff had failed to exhaust its available administrative remedies. Plaintiff then timely filed with the DOF a protest of the assessment and a petition for administrative hearing. The administrative hearing had not reached its conclusion prior to plaintiff filing the underlying case. On May 12, 2021, the circuit court granted the City's motion to dismiss. Plaintiff now appeals from that order, arguing that it was not required to exhaust its administrative remedies because (a) the case required no specific investigation of the facts that needed to be developed before the agency, (b) there was no need for the agency's expertise in this matter, and (c) the law was well established that the City could not tax suburban businesses for transactions that took place outside the city.

¶ 6                                    II. ANALYSIS

¶ 7                                A. Standard of Review

¶ 8    An order of dismissal pursuant to a section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2020)) is reviewed *de novo. Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008). The section 2-619 motion admits as true all well-pleaded facts, all reasonable inferences to be drawn from the facts, and the legal sufficiency of the claim. *Id.* In addition, all pleadings and supporting documents must be construed in the light most favorable to the non-moving party. *Id.* A dismissal of a pleading pursuant to section 2-619 is based on

certain defects or defenses that defeat the claim. *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 18.

¶ 9    A motion to dismiss under section 2-619(a)(9) specifically argues that the pleadings are barred by an affirmative matter not otherwise listed in this section. 735 ILCS 5/2-619(a)(1) (West 2020). An affirmative matter under section 2-619(a)(9) is "something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." *In re Estate of Schlenker*, 209 Ill. 2d 456, 461 (2004). In a section 2-619(a)(9) motion, "[t]he defendant does not admit the truth of any allegation in plaintiff's complaint that may touch on the affirmative matter raised in the 2-619 motion." *Barber-Colman Co. v. A&K Midwest Insulation Co.*, 236 Ill. App. 3d 1065, 1073 (1992). Where the movant supplies an affirmative matter, the opposing party cannot rely on bare allegations alone to raise issues of material fact. *Atkinson v. Affronti*, 369 Ill. App. 3d 828, 835 (2006). Neither conclusory allegations nor conclusory affidavits are sufficient to defeat properly submitted facts in a section 2-619 motion. *Allegis Realty Investors v. Novak*, 379 Ill. App. 3d 636, 641 (2008). The question on appeal is "whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993).

¶ 10    B. Chicago Personal Property Lease Transaction Tax Ordinance

¶ 11    The Ordinance imposes a tax on "(1) the lease or rental in the city of personal property, or (2) the privilege of using in the city personal property that is leased or rented outside the city." Chicago Municipal Code § 3-32-030(A) (amended Nov. 26, 2019). The Ordinance defines both "lease" and "rental" as "any transfer of the possession or use of personal property, but not title or

ownership, to a user for consideration, whether or not designated as a lease, rental, license or by some other term." Chicago Municipal Code § 3-32-020(I) (amended Nov. 21, 2017). It further defines "lease price" and "rental price" to include "any and all charges that the lessee pays incidental to obtaining the lease or rental of personal property, including but not limited to any and all related markups, service fees, convenience fees, facilitation fees, cancellation fees, late return fees, late payment fees and other such charges, regardless of terminology." *Id.* § 3-32-020(K). The Ordinance imposes a duty on lessors to collect the rental tax from lessees and to remit the amount to the DOF. If a lessor fails to collect or remit the tax, the lessor is liable to the city for the amount of the tax. Chicago Municipal Code § 3-32-070(A) (amended Nov. 19, 2008).

¶ 12    The city notified plaintiff that the DOF had found plaintiff to be liable under the Ordinance for uncollected and unremitted taxes, interest, and penalties based on its charging of an incidental service fee for the leasing of its linens to residential care facilities within the city. Plaintiff sued the City, seeking a declaratory judgment that it was not required to pay the Lease Transaction Tax because it did not lease its linens, but rather gave them out for free, and the laundry service fee would only be applied if a facility chose to use plaintiff's laundry service. The city moved to dismiss the complaint on the basis that plaintiff had failed to exhaust its available administrative remedies before filing suit.

¶ 13                    C. Administrative Review Law

¶ 14    It is well established that a party ordinarily cannot seek judicial relief from an administrative action without first exhausting all administrative remedies. *Arvia v. Madigan*, 209 Ill. 2d 520, 531 (2004); *County of Knox ex rel. Masterson v. The Highlands, L.L.C.*, 188 Ill. 2d 546, 551 (1999). The Administrative Review Law states, "Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the

proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3-102 (West 2020). The requirement of exhaustion of administrative remedies "allows the administrative agency to fully develop and consider the facts of the cause before it; it allows the agency to utilize its expertise; and it allows the aggrieved party to ultimately succeed before the agency, making judicial review unnecessary." *Castaneda v. Illinois Human Rights Comm'n*, 132 Ill. 2d 304, 308 (1989).

¶ 15    There are several exceptions to the exhaustion requirement, which our supreme court explained in in *Castaneda*, as follows:

> "An aggrieved party may seek judicial review of an administrative decision without complying with the exhaustion of remedies doctrine where a statute, ordinance or rule is attacked as unconstitutional on its face [citations], where multiple administrative remedies exist and at least one is exhausted [citations], where the agency cannot provide an adequate remedy or where it is patently futile to seek relief before the agency [citations], where no issues of fact are presented or agency expertise is not involved [citations], where irreparable harm will result from further pursuit of administrative remedies [citations], or where the agency's jurisdiction is attacked because it is not authorized by statute [citation]." *Castaneda*, 132 Ill. 2d at 308-09.

¶ 16    The Illinois Municipal Code allows municipalities to "provide by ordinance for a system of administrative adjudication of municipal code violations." 65 ILCS 5/1-2.1-2 (West 2020). Accordingly, the Department of Administrative Hearings (DOAH) was established "to conduct administrative adjudication proceedings for departments and agencies of the city, and for other units of government acting pursuant to intergovernmental agreements with the city." Chicago Municipal Code § 2-14-010 (amended Feb. 15, 2012). In the present case, the administrative

remedy available to plaintiff to contest the DOF's decision, as provided in the Notice and Assessment, was to timely file a written protest and petition for an administrative hearing and then proceed with the hearing before the DOAH. Plaintiff instead first filed suit against the city and then filed a timely petition for administrative hearing.

¶ 17    D. Whether Plaintiff Was Required to Exhaust Its Administrative Remedies

¶ 18    In challenging the city's argument that the case before the circuit court was not properly brought, plaintiff argues that it was not required to exhaust its administrative remedies because the facts are clear and require no further development and there is, in plaintiff's wording, a "near foregone conclusion." See also *Illinois Bell Telephone Co. v. Allphin*, 60 Ill. 2d 350, 358 (1975). Plaintiff claims that, because there are no determinations of fact to be made, this is purely a matter of statutory—or rather, ordinance—review, which is properly brought before the circuit court. See *Emerald Casino, Inc. v. Illinois Gaming Board*, 346 Ill. App. 3d 18, 25 (2003) ("The doctrine is not a bar to judicial determination when the issue 'is one of a statutory and case law interpretation, and therefore it falls within the scope of our particular expertise and not the State Board's.' " (quoting *Office of the Cook County State's Attorney v. Illinois Local Labor Relations Board*, 166 Ill. 2d 296, 306 (1995))). Furthermore, plaintiff claims that requiring it to seek relief from an administrative court in these circumstances would increase costs and delay justice, and therefore it cannot be compelled to proceed before the DOAH. See *Van Laten v. City of Chicago*, 28 Ill. 2d 157, 159 (1979) (requirement that landowner must seek an amendment of the zoning ordinance before challenging the applicability of the ordinance to his land in court did not apply in the circumstances of this matter, where it have been futile for landowners to seek amendment of ordinance).

¶ 19    Plaintiff explains that there is no dispute or factual uncertainty regarding plaintiff's business—which is to provide linens, free of charge—to residential care facilities both within and outside of Chicago. It is also undisputed that plaintiff offered its laundry services to those facilities that received its linens, charges a laundry service fee only if such services are provided, and launders its linens in Skokie. The only disagreement, according to plaintiff, is whether laundry service constitutes a taxable lease under the Ordinance. Plaintiff further argues that the City's functionaries, who would hear the matter if it proceeded before the DOAH, do not have any greater expertise in interpreting city ordinances than the circuit court and that the matter "will likely find its way before this body sooner or later."

¶ 20    As the City notes in response, plaintiff cannot use a declaratory judgment action to circumvent the requirement that it exhaust its administrative remedies before seeking judicial review of an administrative decision. See *Dudley v. Board of Education, Bellwood School District No. 88*, 260 Ill. App. 3d 1100, 1106 (1994); *DeChene v. Firemen's Pension Fund of the City of Blue Island*, 184 Ill. App. 3d 828, 831 (1989). The City further argues that none of the three exceptions that plaintiff lists in support of its position that it was not required to exhaust its administrative remedies apply in this matter. Regarding the claim that there are no disputed factual issues to determine in this matter, the City points to the parties' disagreement over whether plaintiff's provision of linens to businesses in Chicago constituted taxable leases as a question requiring findings of fact. The City contends that the facts necessary to this determination have not yet been adjudicated, having only plaintiff's unsworn allegations and the information that was available to DOF's officials from which to base a decision. The City further explains that the information available to DOF at the time of its determination is not equatable to a factfinder's determination because administrative proceedings had not yet commenced. During administrative

proceedings, DOF would be able to conduct discovery and obtain sworn testimony, and DOF's prior factual determinations would be tested alongside plaintiff's proffered evidence.

¶ 21    Plaintiff responds that the City does not offer any undisputed issues beyond whether the tax applies to plaintiff's business, which plaintiff contends is a question of law, rather than a challenge to any fact presented by plaintiff. It further argues that, were the matter to proceed before the DOAH, the discovery process available during an administrative hearing would only provide support for what the City already knows, and the City has not identified any question that could be resolved by more factfinding. Therefore, according to plaintiff, the only question left to resolve is a question of law, making the first exception to administrative exhaustion applicable to this matter.

¶ 22    Plaintiff misunderstands the disputed issues in this matter. It is true that no party is contesting whether plaintiff is a business that provides linens to residential care facilities and launders those linens in Skokie in exchange for a fee. The City claims that it has not formally conducted discovery, as would be available through administrative proceedings, and relies only on what plaintiff has claimed about its own business practices. Contrary to what plaintiff contends, the City is not required to list what further facts it needs in order to show that there exist disputed facts in this matter—there is no requirement that the city must predict what information might be uncovered in future factfinding. It is sufficiently clear that the City should be able to conduct further factfinding beyond accepting plaintiff's self-serving assertions that its business practices fall outside the application of the Ordinance. The Ordinance provides specific definitions for what constitutes a taxable lease or rental, and a lease or rental price, with certain conditions that must be met. See Chicago Municipal Code §§ 3-32-020 (amended Nov. 21, 2017), 3-32-030 (amended Nov. 26, 2019). This is precisely the line of inquiry that would be developed over the course of an

administrative hearing. Plaintiff's case in support of why this matter falls under the exception of no factual questions to determine is inapposite. In *Emerald Casino*, we held that the plaintiff casino was not required to exhaust its administrative remedies in seeking license renewal because the only determination at issue was over the scope and authority of the Illinois Gaming Board, based on the interpretation of the word "shall" in the relevant section of the state's Riverboat Gambling Act. *Emerald Casino, Inc.*, 346 Ill. App. 3d at 25-26. This question of statutory interpretation was proper for the court to consider without first requiring the casino to exhaust its administrative remedies, as doing so would be time-consuming and useless. *Id.* at 26. In the present matter, where there are further factual determinations to be made, the exception does not apply, and those findings should properly be made before the DOAH. Plaintiff's efforts to seek a declaratory judgment from the court before the DOAH had completed the administrative review process were premature. By extension, the present appeal is premature. We make no judgment on the merits of plaintiff's claim or on any finding of facts; the sole proper decision before us is to affirm the circuit court's ruling that plaintiff was required to complete the administrative review process prior to filing suit in the courts.

¶ 23    The next exception that plaintiff cites is where no agency expertise is required. Adjudicating a dispute over whether a business's transactions constitute a taxable lease under the Ordinance is precisely a task within the purview of an administrative law officer. This is why plaintiff has the administrative remedy available to it as per the Notice—to challenge the DOF's determination that plaintiff owed the lease transaction tax. There is nothing unusual or nonstandard about plaintiff's challenge to the Ordinance. The DOF found that plaintiff was in the business of leasing its linens within Chicago, was charging a fee incidental to its service, and was liable for unremitted taxes under the Ordinance. Plaintiff contests this determination.

¶ 24    The Illinois Municipal Code allows municipalities to provide by ordinance "a system of administrative adjudication of municipal code violations." 65 ILCS 5/1-2.1-2 (West 2020). That is what the city has done here. Plaintiff argues that this court is better able to interpret the relevant ordinances and statutes than the administrative hearing officers. This is not a reason to bypass the administrative remedies available to plaintiff. As we have explained above, an administrative hearing is an appropriate process through which the parties can conduct discovery and develop their respective arguments. Plaintiff again relies on *Emerald Casino* to argue that the question presented in this matter falls outside of agency expertise and is a question of statutory interpretation for this court. However, in *Emerald Casino*, the question presented related to the scope of the Illinois Gaming Board's power and authority, which was a question of statutory interpretation for the courts to determine, rather than the agency. *Emerald Casino, Inc.*, 346 Ill. App. 3d at 25; see also *County of Knox*, 188 Ill. 2d 546 at 554 (determination of the scope and power of an agency is a judicial function and not a question to be determined by the agency itself). That is distinct from the question presented here, which is whether plaintiff is liable to the City for the lease transaction tax. Again, we find that the administrative review process is appropriate to resolve plaintiff's issues. Plaintiff was required to complete that process and avail itself of its administrative remedies before filing its complaint.

¶ 25    The third exception is that administrative exhaustion is not required where it would be "patently futile to seek relief before the agency." *Castaneda*, 132 Ill. 2d at 308-09. As we have explained, there is no reason to believe that the DOAH cannot or should not adjudicate the parties' dispute. As the city notes, even if the agency's determination is highly likely to not be in plaintiff's favor, that does not mean plaintiff may avoid the requirement of exhausting its administrative remedies. See *id.* at 328 ("[T]he fact that there are clear indications that the agency may or will

rule adversely is generally inadequate to terminate the administrative process or to avoid the exhaustion requirement."). We need not address this exception any further, beyond referring to the discussion above. Because there is no basis in the record to determine that it would be futile to seek relief before the DOAH, plaintiff's suit was premature. Plaintiff cannot use the courts to skirt a potentially negative outcome before the agency. Even if plaintiff does not have a high likelihood of success in its efforts to seek administrative relief, this does not permit it to file the present complaint before the conclusion of administrative proceedings.

¶ 26      Plaintiff's final argument is that it need not exhaust its administrative remedies because it is mounting a constitutional challenge to the City's decision on its face. See *Poindexter v. State*, 229 Ill. 2d 194, 207 (2008) ("A party who challenges the validity of a statute on its face, however, is not required to exhaust administrative remedies."). It claims that it was not required to exhaust its administrative remedies when arguing that City's attempt to tax a suburban business outside of the city's boundaries, for transactions that occurred outside the city, regardless of where its customers were located, violates the Illinois Constitution. In making this argument, plaintiff cites *Hertz Corp. v. City of Chicago*, 2017 IL 119945, in which our supreme court upheld the circuit court's ruling that the city revenue department's decision to tax the use of vehicles leased outside the city was unconstitutional. This matter also involved the lease transaction tax pursuant to the Ordinance; the plaintiffs were car rental companies, seeking a declaratory judgment against the City that its enforcement of the Ordinance as applied to suburban car rental companies located outside of the city's borders, based on the presumption that Chicago residents who rented vehicles might use them within the city, was an unconstitutional overreach of the city's taxing authority. *Id.* ¶ 4. Our supreme court held that the City's tax on leases occurring outside of the city's boundaries violated the home rule article of the Illinois Constitution. *Id.* ¶ 30. Plaintiff seeks to

equate the facts in *Hertz* with the city's determination in the present matter that plaintiff's Skokie-based business was required to collect and remit the lease transaction tax for the business it conducted in Skokie.

¶ 27 We agree with the City that this is a mischaracterization of plaintiff's contention with the DOF's decision. Plaintiff's claim is not a facial constitutional challenge to the City's decision, pursuant to the Ordinance; the question of whether the City has the authority to tax non-Chicago businesses for leases occurring outside of the city, for the use of the leased property within the city, is not at issue. That is expressly permitted by the Ordinance, and plaintiff does not argue otherwise. See Chicago Municipal Code § 3-32-030(A)(2) (amended Nov. 26, 2019) (the city imposes a tax on "the privilege of using in the city personal property that is leased or rented outside the city"). In *Hertz*, the City taxed vehicle rentals that occurred outside the city based on the presumption that some of the vehicles would be used within the city; here, plaintiff admits that it provides linens to residential care facilities located within the city, and nothing in the record suggests that the Chicago facilities use these linens anywhere but on their premises. Plaintiff's dispute with the City is about whether its business transactions constituted a lease or rental of personal property and whether its laundry service fee was a lease or rental fee under the Ordinance.

¶ 28 A legislative enactment is constitutionally invalid on its face "only if no set of circumstances exist under which it would be valid." *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 305 (2008). A party mounting such a challenge need not exhaust its administrative remedies because administrative review "is confined to the proofs offered and the record created before the agency"; a facial challenge does not depend on the specific facts of the case but presents purely legal questions. (Internal quotation marks omitted.) *Poindexter*, 229 Ill. 2d at 207. Here, plaintiff does not claim that the city exceeded its taxation authority generally; rather, it argues that its

particular business transactions do not fall within the category of taxable lease or rental transactions. That argument necessarily requires a review of the facts in the record, a task that is appropriate for administrative proceedings. We therefore find that plaintiff does not mount a facial challenge to the constitutionality of any enactment or rule and, instead, challenges the City's decision in a manner appropriate for administrative review. Plaintiff was therefore required to exhaust its administrative remedies before seeking judicial relief.

¶ 29                                    III. CONCLUSION

¶ 30    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 31    Affirmed.

*Eco Brite Linens LLC v. City of Chicago*, **2023 IL App (1st) 210665**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 20-CH-06922; the Hon. John J. Curry, Judge, presiding. |
| **Attorneys for Appellant:** | Charles Aaron Silverman, of Charles Aaron Silverman P.C., of Skokie, for appellant. |
| **Attorneys for Appellee:** | Celia Meza, Corporation Counsel, of Chicago (Myriam Zreczny Kasper, Suzanne M. Loose, and Julian N. Henriques Jr., Assistant Corporation Counsel, of counsel), for appellee. |